[No. 21608. Department One. March 14, 1929.]

E. J. BRESEMANN, *Appellant*, v. CHARLES HITESHUE, *et al., Respondents.*[1]

*Guy E. Kelly* and *Thomas MacMahon,* for appellant.
*H. P. Jones,* for respondents.

[1]Reported in 275 Pac. 543.

BEALS, J.—Plaintiff, a contracting architect, sued defendants, alleging their breach of a contract of employment whereby plaintiff was to draw plans and specifications for an apartment house and construct the same upon real property in Tacoma owned by defendants. From the testimony, it appears that defendants owned certain lots which they were anxious to improve; that a draftsman in plaintiff's employ boarded with defendants and suggested to plaintiff that sketches be prepared which might interest defendants and result in plaintiff's employment by them. Mr. Bergholtz, the draftsman in question, introduced plaintiff to defendant Charles Hiteshue, who stated that he had no money, and that the funds to pay for the improvement of the property must be raised by a mortgage thereon. Plaintiff was naturally anxious to be retained as architect and employed as contractor in connection with the contemplated construction work, and, with defendant Charles Hiteshue (who will hereafter be referred to in this opinion as though he were the sole defendant and respondent), interviewed the agent of a loan association in regard to procuring the necessary funds. In the first place, it was contemplated that a two-unit apartment house be constructed, for which would be required a loan of approximately $350,000. Later there was talk of the construction of a single-unit apartment house at a cost of approximately $180,000. After considerable talk and negotiations with various persons, defendant signed an application for a loan of $350,000, addressed to Western Loan & Building Company of Salt Lake, which resulted in a counter-offer by the Salt Lake Company to loan $160,000 for the construction of a single unit.

Defendant never accepted this, or any, proposition, and, upon denial of liability on the part of defendant to plaintiff, this action was instituted. The cause was

tried to the court, and, after the taking of voluminous testimony and the admission of a number of exhibits, the court made findings of fact in favor of defendant, and entered judgment dismissing the action, from which judgment plaintiff appeals.

This appeal presents questions of fact only. One authority only is cited by appellant, and that upon the question of the weight to be given the findings of the trial court, no authority whatever being referred to in respondent's brief. The testimony is extremely conflicting on many important matters. Appellant vigorously attacks the testimony of his former employe, Mr. Bergholtz, who testified as a witness for respondent, and earnestly contends that respondent's testimony is entitled to little weight because of certain contradictions therein upon which appellant lays great stress.

Appellant alleges that he prepared plans and specifications for the apartment house which were reasonably worth $8,000, and that, had he been permitted, as contractor, to erect the building called for by the plans and specifications which he had prepared, he would have made a profit of $18,000, for which sums judgment was demanded. On August 26, 1925, appellant wrote respondent a letter, which was introduced in evidence, in which appellant set forth his idea of the agreement then in force between the parties, to which letter respondent made no reply. Respondent ignored other letters in which it was demanded that respondent's abstract of title be delivered, and respondent was also informed that appellant had been to considerable expense in preparing the plans and specifications. The loan company in Salt Lake, not hearing from respondent, finally cancelled their offer to make the loan, and no further attempts were made to finance the deal.

The burden, of course, rests upon appellant to prove

his case by a preponderance of the evidence, and, in determining whether or not this burden has been met, all the evidence must be considered, and not merely that which seems to favor one side or the other. In the record before us, appears testimony favorable to appellant, and other testimony which indicates that respondent's position is correct. In order to determine the merits of the controversy, a careful study and comparison of the stories told by the different witnesses is requisite. The trial court undoubtedly had these rules in mind in considering the evidence and determining the issues between the parties, and the decision of the trial court upon disputed questions of fact is entitled to great weight in deciding controversies on appeal.

While it is, of course, true that the findings of the trial court are not binding upon this court, and will be disregarded if it appears that they are not supported by a preponderance of the evidence, still, in such a case as this, where the trial court had the benefit of hearing and observing the witnesses, the findings entered by the lower court cannot but be accorded considerable weight. The trial court expressly found that respondent did not employ appellant to prepare plans and specifications for the erection of a one-unit apartment house, and that any negotiations between the parties to this action, with the idea of erecting a two-unit apartment house, were abandoned because the proposition could not be successfully financed. The court further found that no contract was entered into between the parties for the construction of any one-unit apartment house, and that there never was a completed contract between the parties for the preparation of plans and specifications for any building.

It is undoubtedly true that appellant did a great deal of work in connection with the matter which

is the subject of this action. He prepared extensive plans and specifications at the cost of much time and considerable money, but the trial court was evidently of the opinion that this was done without direct employment by respondent and in an effort to accomplish the consummation of a deal which would result greatly to appellant's advantage if a proposition acceptable to respondent could be adequately financed.

We have carefully read the testimony and examined the exhibits. Our examination has not been limited to the abstract, but has extended to the statement of facts itself. There is much conflict in the testimony of the different witnesses, and, while respondent's version of the transactions between himself and appellant is not always entirely clear or convincing, we cannot say that the findings of the trial court are not supported by a preponderance of the evidence.

Judgment affirmed.

FRENCH, FULLERTON, TOLMAN, and HOLCOMB, JJ., concur.